JOHN L. BURRIS (SBN# 69888)
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: burris@lmi.net

JAMES B. CHANIN (SBN# 76043)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California 94705
Telephone: (510) 848-4752
Facsimile: (510) 848-5819
Email: jbcofc@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE and MARY ROE,

          Plaintiffs,

vs.

CITY OF OAKLAND;
RICHARD VALERGA, DOES 1-100,
inclusive,

          Defendants.

CASE NO. C06-02424

COMPLAINT FOR DAMAGES
(42 U.S.C. §1983)
JURY TRIAL DEMANDED

JURISDICTION

1.   This action arises under 42 U.S.C. §1983.
Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

INTRADISTRICT ASSIGNMENT

2.   The claims alleged herein arose in the City of
Oakland, State of California.  Therefore, venue and assignment
lies in the United States District Court for the Northern

COMPLAINT                          1

District of California, San Francisco or Oakland Divisions.  28

U.S.C. Section 1391(b)(2).

PARTIES

3.   The plaintiff identified in this Complaint by the fictitious name of, JANE DOE, is an Asian female.1

4.   The plaintiff identified in this Complaint by the fictitious name of, MARY ROE, is an Asian female.

5.   Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

6.   Defendant RICHARD VALERGA (hereinafter Defendant VALERGA) was at all times herein mentioned, a Police Officer for Defendant CITY OF OAKLAND and is sued herein in his individual and official capacities.

7.   Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and upon such information and belief allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy,

---

1 Plaintiffs will file a disclosure of their true identities

COMPLAINT                                    2

false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

8.    In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

9.    In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10.    In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

STATEMENT OF FACTS

11.    Plaintiffs are informed and believe and thereon allege that defendant VALERGA or DOE 1, while acting in his capacity as an on duty, sworn member of the CITY OF OAKLAND Police Department, engaged in a repeated custom, policy, pattern or practice of singling out women of Asian descent for traffic stops and subjecting them to sexual harassment and/or other disparate and discriminatory treatment based on their gender and/or ethnicity, including, but not limited to, inappropriate

under seal with the Court to protect their privacy.

and unwanted physical contact.

12.   The plaintiffs are two of the women of Asian descent that were subjected to the violation of their civil rights by defendant VALERGA or DOE 1.

13.   On or about the evening of April 27, 2005, plaintiff, JANE DOE, was driving in the vicinity of East 14th and 20th Street when she was pulled over and directed to stop her vehicle by defendant VALERGA or DOE 1.

14.   Defendant VALERGA or DOE 1, who was driving a CITY OF OAKLAND Police Vehicle and was on duty working in his capacity as a sworn police officer for the CITY OF OAKLAND, walked up to plaintiff JANE DOE'S vehicle and asked her for her driver's license and registration.  After handing defendant VALERGA or DOE 1 her license and registration, Defendant VALERGA or DOE 1 went to his police vehicle.

15.   Defendant VALERGA or DOE 1 returned to the plaintiff's vehicle and directed her to get out of her car and accompany him to the police vehicle.

16.   Reasonably believing that she was not free to leave and was required to follow defendant VALERGA's or DOE 1's instructions, the plaintiff left her two minor children in the car unattended and walked to the police vehicle as she had been directed.

17.   Defendant VALERGA or DOE 1 directed the plaintiff to sit in the front passenger seat of the police vehicle. Defendant VALERGA or DOE 1 got into the driver's seat.

18.   Once she was seated in the patrol vehicle,

COMPLAINT                                    4

plaintiff JANE DOE was shown a computer screen by defendant VALERGA or DOE 1 that displayed her identifying information. As defendant VALERGA or DOE 1 was showing the plaintiff the information on the computer screen, he put his hand on her and touched her lap.

19. Defendant VALERGA or DOE 1 directed the plaintiff to verify the information on the computer screen was correct and asked her additional questions, including whether she was married, where she worked and the days and hours of her employment.

20. During this time, defendant VALERGA or DOE 1 continued to have his hand on the plaintiff's lap, told her that they had the same days off and suggested that they have lunch together.

21. Defendant VALERGA or DOE 1 also asked the plaintiff for her cell phone number and then dialed the number from a cell phone that he had in the police vehicle. The plaintiff's cell phone rang when he dialed the number, but she did not answer it. Defendant VALERGA or DOE 1 then took a photograph of the plaintiff with his cell phone camera.

22. Defendant VALERGA or DOE 1 also volunteered unwanted and unsolicited personal information about himself to the plaintiff and gave the plaintiff his cell phone number.

23. During this entire time, the plaintiff reasonably believed that she was not free to leave and was extremely frightened and upset about defendant VALERGA's or DOE 1's conduct.

COMPLAINT                                        5

24. While the plaintiff was seated in the patrol vehicle, another CITY OF OAKLAND police vehicle drove by. The other vehicle slowed down, the police officer inside the car made a hand gesture to defendant VALERGA or DOE 1, made a U-Turn and drove away.

25. The plaintiff asked defendant VALERGA or DOE 1 several times if she could leave, but he kept her license and registration in his hand as he continued to engage in unwanted discussion of personal matters unrelated to any legitimate law enforcement purpose.

26. Eventually, defendant VALERGA or DOE 1 told the plaintiff words to the effect that she would be in a lot of trouble if she got another ticket. He then directed the plaintiff to kiss him in exchange for not giving her a ticket.

27. Plaintiff JANE DOE declined, telling defendant VALERGA or DOE 1 that her children where still in her vehicle. Defendant VALERGA or DOE 1 told the plaintiff that the children could not see them and insisted that she kiss him.

28. Feeling that she had no recourse but to comply with defendant VALERGA's or DOE 1's direction, plaintiff reluctantly kissed defendant VALERGA or DOE 1 on the cheek.

29. Defendant VALERGA or DOE 1 told the plaintiff that was insufficient and, pointing to his lips, demanded that she kiss him on the lips. In shock and frightened by defendant VALERGA or DOE 1's unwanted sexual advances, plaintiff kissed him quickly on the lips in the hope that he would finally allow her to leave the car.

COMPLAINT                                        6

30. Defendant VALERGA or DOE 1 told plaintiff JANE DOE that the kiss was not sufficient and demanded that she kiss him again. Feeling she had no option and reasonably believing she was not free to leave the car, the plaintiff gave defendant VALERGA or DOE 1 another kiss on the lips.

31. Thereafter, defendant VALERGA or DOE 1 finally allowed the plaintiff to leave the police vehicle and did not issue her a ticket for the traffic stop.

32. Plaintiff, MARY ROE, was also subjected to a traffic stop by defendant VALERGA or DOE 1 in or about April 2005.

33. At that time, plaintiff MARY ROE was driving her automobile in the vicinity of Lake Merritt in Oakland, California. Plaintiff MARY ROE did not commit any Vehicle Code violation or any other crime and there was no reasonable or probable cause to believe that she had.

34. Defendant VALERGA or DOE 1, who was on duty as a sworn member of the CITY OF OAKLAND Police Department, was driving a CITY OF OAKLAND Police Department vehicle behind plaintiff MARY ROE'S car.

35. Defendant VALERGA or DOE 1 directed plaintiff MARY ROE to pull over and to stop her vehicle. Plaintiff MARY ROE pulled over and stopped her vehicle as she was directed to do so by defendant VALERGA or DOE 1.

36. Defendant VALERGA or DOE 1 directed plaintiff MARY ROE to give him her driver's license and plaintiff MARY ROE complied. Defendant VALERGA or DOE 1 took the plaintiff's

COMPLAINT                              7

driver's license to his police vehicle and then directed plaintiff MARY ROE to exit her car and to sit inside the police vehicle with him.

37. Plaintiff MARY ROE reasonably believed that she was not free to leave and was required to comply with defendant VALERGA'S or DOE 1's directive to sit inside the police vehicle. As a result, plaintiff went to defendant VALERGA's or DOE 1's police vehicle and sat inside.

38. After plaintiff MARY ROE was seated in the police vehicle, defendant VALERGA or DOE 1 began touching the plaintiff on her thigh and attempted to touch her abdomen while he was breathing heavily.

39. Defendant VALERGA or DOE 1 persisted in this conduct, notwithstanding plaintiff MARY ROE'S attempts to physically push his hand away and by telling him "no" when he attempted to touch her abdomen. Defendant VALERGA or DOE 1's response was to say words to the effect, "come on, come on..."

40. Eventually, defendant VALERGA stopped touching plaintiff MARY ROE and told her that she would not be receiving a ticket. Defendant VALERGA also offered to give plaintiff MARY ROE twenty dollars which she refused.

41. While defendant VALERGA or DOE 1 and plaintiff MARY ROE were in the police vehicle, another CITY OF OAKLAND police officer drove up to the vehicle and asked defendant VALERGA or DOE 1 whether he needed any assistance. Defendant VALERGA or DOE 1 declined and the second police vehicle left the scene.

COMPLAINT                                    8

42.   Plaintiff MARY ROE never received any traffic citation as a result of this stop.

43.   Subsequently, plaintiffs are informed and believe and thereon allege that defendant VALERGA or DOE 1 was charged by the Alameda County District Attorney's Office with violations of the California Penal Code in connection with his traffic stops of Asian females. Plaintiffs are informed and believe and thereon allege that defendant VALERGA or DOE 1 recently pleaded no contest to some of those charges.

44.   Plaintiffs are informed and believe and thereon allege that defendant VALERGA or DOE 1 was able to engage in a custom, policy, pattern and/or practice of inappropriate conduct and civil rights violations against Asian female motorists as a result of longstanding customs, policies and/or practices of the CITY OF OAKLAND which encouraged, authorized, condoned and/or acquiesced in sexual harassment and other unlawful conduct by members of the CITY OF OAKLAND Police Department.

45.   Plaintiffs are informed and believe and thereon allege that said abuses of power by CITY OF OAKLAND Police Officers in past years have included, but are not limited to:

a.   Rape, sexual harassment (Officer Bernard Riley);

b.   Visiting a brothel while on duty (Officers Eric Riccholt and Mark Neely, Jr.);

c.   Stalking, sexual harassment and retaliation against a subordinate (Lt. Antonio Romero);

d.   Quid pro quo sexual harassment (Officer Kent

COMPLAINT                            9

McNabb);

    e.  Sexual harassment (Officer John Mendez);

    f.  Kidnapping, assault and battery, drug planting, fabricating evidence and reports, false arrests and false imprisonment, conspiracy (See, e.g., *Delphine Allen v. City of Oakland, et al.*, Master File No. C00-4599 TEH);

    g.  Violation of civil rights resulting in a jury award totaling more than $2 million dollars in damages to plaintiffs against OPD officers Clyde Sims, Robert Chenault, Michael Sitterud (*Bari/Cherny v. FBI, et al.*);

    h.  *Stewart v. City of Oakland, et al.* (Sexual harassment and sexual assault of a civilian by Oakland Police officer);

    i.  *Keller-Dean v. City of Oakland, Gary Romero, et al.*, USDC Case No. C00-01930 MHP (sexual assault/sexual harassment of a civilian by an Oakland Police Officer).

    46.  Plaintiff is further informed and believes and thereon alleges that the repeated abuse of authority by CITY OF OAKLAND Police Officers is the product of a culture of tolerance within the CITY OF OAKLAND Police Department. This culture is rooted in the deliberate indifference of high ranking Defendant CITY OF OAKLAND officials, including, but not limited to Defendants DOES 20-100, and/or other high ranking officials and/or supervisors, and each of them, individually and/or acting in concert with one another, who have routinely acquiesced in misconduct of members of the CITY OF OAKLAND Police Department, ratified such misconduct and/or who have

COMPLAINT        10

otherwise failed to take the measures necessary to prevent and curtail such misconduct.

47. Plaintiffs are further informed and believes and thereon allege that they suffered the violation of their constitutional rights and otherwise incurred damages as alleged herein as a result of customs, policies, patterns and/or practices of Defendants CITY OF OAKLAND and DOES 20-100, and each of them, which have encouraged, authorized, condoned, ratified and otherwise permitted such misconduct to continue and flourish within the CITY OF OAKLAND Police Department.

48. Plaintiffs are further informed and believe and thereon allege that said customs, policies, patterns and practices have included the repeated failure by Defendant CITY OF OAKLAND and its high ranking officials to fully implement remedial action intended to prevent such misconduct from continuing to occur within the CITY OF OAKLAND Police Department.

49. Plaintiffs are informed and believe and thereon allege that they suffered the violation of their constitutional rights as a result of deliberate indifference of Defendants CITY OF OAKLAND, DOES 20-100, and/or other high ranking Police Department officials and/or supervisors, with regard to the need for more or different policies, training, supervision and/or discipline of its police officers, including, but not limited to, Defendant VALERGA and/or DOES 1-19, and/or each of them.

50. Plaintiffs are informed and believe and thereon

allege that the subject incidents were caused as a result of the aforesaid customs, policies, patterns, practices and/or deliberate indifference by Defendants CITY OF OAKLAND, DOES 20-10 and/or each of them.

### STATEMENT OF DAMAGES

51. As a result of the acts and/or omissions of defendants as alleged in this Complaint, plaintiffs, and each of them, suffered damages and/or injuries, including, but not limited to, pain, suffering and emotional distress.

52. Plaintiffs will also be entitled to recover their reasonable attorneys' fees and costs in addition to their general and compensatory damages pursuant to statute.

53. The conduct of defendant VALERGA or DOE 1 was intentional, oppressive, malicious, fraudulent and/or done with a conscious and/or reckless disregard for the rights of the plaintiffs. Therefore, plaintiffs will be entitled to recover punitive damages in amounts to be determined according to proof.

### CLAIMS FOR RELIEF

#### FIRST CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(AGAINST DEFENDANTS RICHARD VALERGA, DOES 1-19)

54. Plaintiffs incorporate by reference and re-alleges herein Paragraphs 1 through 53.

55. In doing the acts complained of herein, defendants VALERGA and/or DOES 1-19 and/or each of them, did act under color of state law to deprive plaintiffs and/or each of them as alleged heretofore of certain constitutionally

COMPLAINT                    12

protected rights, including, but not limited to:

(a)   the right to be free from unreasonable searches or seizures;

(b)   the right to equal protection of the law; and/or

(c)   the right not to be deprived of liberty without due process of law.

56.   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

57.   As a result of the violation of their constitutional rights by defendants VALERGA and/or DOES 1-19 and/or each of them, plaintiffs sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CLAIM FOR RELIEF
(42 U.S.C. SECTION 1983)
(AGAINST DEFENDANTS CITY OF OAKLAND, DOES 20-100)

58.   Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 57.

59.   As against Defendants CITY OF OAKLAND and/or DOES 20-100 and/or each of them, individually and/or in their capacities as official policy-maker(s) for the CITY OF OAKLAND, the plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly

COMPLAINT                           13

encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as plaintiffs.

60. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants CITY OF OAKLAND, DOES 20-100 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF OAKLAND police officers, which have included, but are not limited to, repeated acts of sexual misconduct while on duty, unreasonable searches and seizures, false arrests, false imprisonments, the repeated denial of equal protection of the law based on race and/or gender and other repeated violations of the constitutional rights of citizens in Oakland.

61. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens, the failure to properly train and/or discipline officers, the failure to adequately or properly supervise officers, the failure to adopt and fully implement an appropriate early warning system, policies and

COMPLAINT                                    14

customs which encouraged officers to target certain groups of citizens for aggressive police tactics and/or other customs, and/or policies which caused and/or contributed to, the violation of the rights of citizens by members of the CITY OF OAKLAND Police Department.

62.    The aforementioned deliberate indifference, customs, policies or practices of Defendants CITY OF OAKLAND, DOES 1-100, and/or each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

(a) the right not to be deprived of liberty or property without Due Process of Law;

(b)  the right to be free from unreasonable searches and/or seizures; and/or,

(c) the right to equal protection of the law.

63.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

64.    As a result of the violation of their constitutional rights by defendants CITY OF OAKLAND and/or DOES 20-100 and/or each of them, plaintiffs sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## JURY TRIAL DEMAND

65.    Plaintiffs hereby demand a jury trial.

COMPLAINT                               15

PRAYER

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

1.   General damages, including for pain, suffering and emotional distress, in amounts to be determined according to proof;

2.   Attorneys' fees pursuant to statutes;

3.   Costs of suit;

4.   Punitive and exemplary damages in amounts to be determined according to proof against defendants VALERGA and/or DOES 1-100 and/or each of them;

5.   For such other and further relief as the Court may deem just and proper.

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.


Dated: April 5, 2006

JOHN L. BURRIS
Attorney for Plaintiffs


DATED: April 5, 2006

JAMES B. CHANIN
Attorney for Plaintiffs


COMPLAINT                                    16