1  JOHN A. RUSSO, City Attorney, SBN 129729
   RANDOLPH W. HALL, Assistant City Attorney, SBN 080142
2  RACHEL WAGNER, Supervising Trial Atty., SBN 127246
   INÉS VARGAS FRAENKEL, Attorney, SBN 108113
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California 94612
4  Telephone: (510) 238-6512      Fax: (510) 238-6500
   Email: ivfraenkel@oaklandcityattorney.org
5  X02828/377117

6  Attorneys for Defendant CITY OF OAKLAND

7  JOHN L. BURRIS, SBN 69888
   LAW OFFICES OF JOHN L. BURRIS
8  7677 Oakport Street, Suite 1120
   Oakland, CA 94621
9  Telephone: (510) 839-5200      Fax: (510) 839-3882
   Email: john.burris@johnburrislaw.com
10
11 JAMES B. CHANIN, SBN 76043
   JULIE M. HOUK, SBN 114968
   LAW OFFICES OF JAMES B. CHANIN
12 3050 Shattuck Avenue
   Berkeley, CA 94705
13 Telephone: (510) 848-4752      Fax: (510) 848-5819
   Email: jbcofc@aol.com
14
   Attorneys for Plaintiffs JANE DOE and MARY ROE
15
   [Additional counsel continued on next page]
16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19 JANE DOE and MARY ROE,            Case No. CO6-02424 MHP

20            Plaintiffs,            **STIPULATED PROTECTIVE ORDER**

21       v.

22 CITY OF OAKLAND;
   RICHARD VALERGA, DOES 1-100,
23 inclusive,

24            Defendants.

25

26

Additional counsel:

GEOFFREY A. BEATY, SBN 84997
DAMON M. THURSTON, SBN 186861
RANKIN, SPROAT, MIRES, BEATY & REYNOLDS
1333 Broadway, Suite 600
Oakland, CA 94612
Telephone:  (510) 465-3922       Fax:  (510) 452-3006
Email:  gbeaty@rankinlaw.com

Attorneys for Defendant RICHARD VALERGA

1  Plaintiff JANE DOE and MARY ROE, Defendant CITY OF OAKLAND and

2  Defendant RICHARD VALERGA, by and through their respective attorneys of record,

3  hereby stipulate as follows.

## 1. DEFINITIONS

5  1.1  Party: any party to this action, including all of its officers, directors,

6  employees, consultants, retained experts, and outside counsel (and their support staff).

7  1.2  Disclosure or Discovery Material: all items or information, regardless of the

8  medium or manner generated, stored, or maintained (including, among other things;

9  1.3  "Confidential" Information or Items:  information (regardless of how

10  generated, stored or maintained) or tangible things qualify for protection under standards

11  developed under F.R.Civ. P. 26(c).  This material includes, but is not limited to:

12  a)  Internal Affairs file no. 05-336 pertaining to the incident which is alleged in

13  the complaint on file in this action.

14  b)  Copies of personnel files for RICHARD VALERGA maintained by the City of

15  Oakland.

16  1.4  "Highly Confidential-Attorneys' Eyes Only" Information or Items:  extremely

17  sensitive "Confidential Information or Items" whose disclosure to another Party or non-

18  party would create a substantial risk of serious injury that could not be avoided by less

19  restrictive means.

20  1.5  Receiving Party: a Party that receives Disclosure or Discovery Material from

21  a Producing Party.

22  1.6  Producing Party:  a Party or non-party that produces Disclosure or Discovery

23  Material in this action.

24  1.7  Designating Party:  a Party or non-party that designates information or items

25  that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

26  Confidential-Attorneys Eyes Only."

1.8    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

1.9    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.10    House Counsel:  attorneys who are employees of a Party.

1.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

1.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.13    Professional Vendors:  person or entities that provide litigation support services (e.g., photocopying: videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material as defined above, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 3. DURATION

The confidentiality obligations imposed by this Order shall remain in effect beyond the termination of this litigation, until a Designating Party agrees otherwise in writing or

1  court order otherwise directs.

2  **4. DESIGNATING PROTECTED MATERIAL**

3  4.1   F.R.Civ. P. 26(c).  The information sought to be protected must be properly

4  qualified for protection under F.R.Civ. P. 26(c).  Counsel shall not designate any discovery

5  material "CONFIDENTIAL" without first making a good faith determination that protection

6  is warranted.

7  4.2   Manner and Timing of Designations.  Except as otherwise provided in this

8  Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or

9  ordered, material that qualified for protection under the Order must be clearly so

10 designated before the material is disclosed or produced.

11 Designation in conformity with this Order requires:

12 (a)   for information in documentary form (apart from transcripts of depositions or

13 other pretrial or trial proceedings), that the Producing Party affix the legend

14 "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of

15 each page that contains protected material.

16 A Party or non-party that makes original documents or materials available for

17 inspection need not designate them for protection until after the inspecting Party has

18 indicated which material it would like copied and produced.  During the inspection and

19 before the designation, all of the material made available for inspection shall be deemed

20 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has

21 identified the documents it wants copied and produced, the Producing Party must

22 determine which documents, or portions thereof, qualify for protection under this Order,

23 then, before producing the specified documents, the Producing Party must affix the

24 appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

25 ONLY") at the top of each page that contains Protected Material.    If only a portion or

26 portions of the material on a page qualifies for protection, the Producing Party also must

1   clearly identify the protected portion(s) (e.g., by making appropriate markings in the

2   margins) and must specify, for each portion, the level of protection being asserted (either

3   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

4          (b)    for testimony given in deposition or in other pretrial or trial proceedings,  that

5   the Party or non-party offering or sponsoring the testimony identify on the record, before

6   the close of the deposition, hearing, or other proceeding, all protected testimony, and

7   further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL—

8   ATTORNEYS' ONLY." When it is impractical to identify separately each portion of

9   testimony that is entitled to protection, the Party or non-party that sponsors, offers, or

10  gives the testimony may invoke on the record (before the deposition or proceeding ins

11  concluded) a right to have up to 20 days to identify the specify the level of protection being

12  asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

13  Only those portions of the testimony that are appropriately designated for protection within

14  the 20 days shall be covered by the provisions of this Stipulated Protective Order.

15         Transcript pages containing Protected Material must be separately bound by the

16  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"

17  or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or

18  non-party offering or sponsoring the witness or presenting the testimony.

19         ( c)    for information produced in some form other than documentary, and for any

20  other tangible items, that the Producing Party affix in a prominent place on the exterior of

21  the container or containers in which the information or item is stored the legend

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

23         4.3.    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

24  to designate qualified information or items as "Confidential"  or "Highly Confidential—

25  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to

26  secure protection under this Order for such material.  If material is appropriately

designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the

material was initially produced, the Receiving Party, on timely notification of the

designation, must make reasonable efforts to assure that the material is treated in

accordance with the provisions of the Order.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     Timing of Challenges.     Unless a proper challenge to a Designating

Party's confidentially designation is necessary to avoid foreseeable substantial unfairness,

unnecessary economic burden, or a later significant disruption or delay of the litigation, a

Party does not waive its right to challenge a confidentiality designation by electing not to

mount a challenge promptly after the original designation is disclosed.

5.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating

Party's confidentiality designation must do so in good faith and must begin the process by

conferring directly (in voice to voice dialogue; other forms of communication are not

sufficient)  with counsel for the Designating Party.  In conferring, the challenging Party

must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to

reconsider the circumstances, and, if no change in designation is offered, to explain the

basis for the chosen designation.  A challenging Party may proceed to the next stage of

the challenge process only if it has engaged in this meet and confer process first.

5.3     Judicial Intervention.  A Party that elects to press a challenge to a

confidentiality designation after considering the justification offered by the Designating

Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local

Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

basis for the challenge.  Each such motion must be accompanied by a competent

declaration that affirms that the moving party has complied with the meet and confer

requirements imposed in the preceding paragraph and that sets forth with specificity the

1  justification for the confidentiality designation that was given by the Designating Party in

2  the meet and confer dialogue.

3      The burden of persuasion in any such challenge proceeding shall be on the

4  Designating Party.  Until the court rules on the challenge, all parties shall continue to

5  afford the material in question the level of protection tow which it is entitled under the

6  Producing Party's designation.

7                    **6. ACCESS TO AND USE OF PROTECTED MATERIAL**

8      6.1     Basic Principles.  A Receiving Party may use Protected Material that is

9  disclosed or produced by another Party or by a non-party in connection with this case only

10  for prosecuting, defending, or attempting to settle this litigation.  Such Protected material

11  may be disclosed only to the categories of persons and under the conditions described in

12  this Order.  When the litigation has terminated, a Receiving Party must comply with the

13  provisions of section 10, below (FINAL DISPOSITION).

14      Protected Material must be stored and maintained by a Receiving Party at a

15  location and in a secure manner that ensures that access is limited to the persons

16  authorized under this Order.

17      6.2     Disclosure of "CONFIDENTIAL: Information or Items.  Unless otherwise

18  ordered by the court or permitted in writing by the Designating Party, a Receiving Party

19  may disclose any information or item designated CONFIDENTIAL only to:

20      (a)     employees of the Receiving Party to whom disclosure is reasonably

21  necessary for this litigation and who have signed the "Agreement to Be Bound by

22  Protective Order"  (Exhibit A);

23      (b)     experts (as defined in this Order) of the Receiving Party to whom disclosure

24  is reasonably necessary for this litigation and who have signed the "Agreement to Be

25  Bound by Protective Order" (Exhibit A);

26      (c)     the Court and its personnel;

1    (d)    court reporters, their staffs, and professional venders to whom disclosure is

2 reasonably necessary for this litigation and who have sighed the "Agreement to Be Bound

3 by Protective Order"  (Exhibit A);

4    (e)    during their deposition, witnesses in the action to whom disclosure is

5 reasonably necessary and who have signed the "Agreement to Be Bound by Protective

6 Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions

7 that reveal Protected Material must be separately bound by the court reporter and may not

8 be disclosed to anyone except as permitted under this Stipulated Protective Order.

9    (f)    the author the document or the original source of the information.

10    6.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

11 Information or Items.   Unless otherwise ordered by the court or permitted in writing by the

12 Designating Party, Receiving Party may disclose any information or item designated

13 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

14    (a)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

15 necessary for this litigation, who have signed the "Agreement to Be Bound by Protective

16 Order" (Exhibit A);

17    (b) the Court and it's personnel;

18    (c) court reporters, their staffs, and professional vendors to whom disclosure is

19 reasonably necessary for this litigation and who have sighed the "Agreement to Be Bound

20 by Protective Order" (Exhibit A); and

21    (d) the author of the document or the original source of the information.

22    **7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

23    If a Receiving Party is served with a subpoena or an order issued in other litigation

24 that would compel disclosure of any information or items designated in this action as

25 "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

26

1  Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

2  immediately and in no event more than three court days after receiving the subpoena or

3  order.  Such notification must include a copy of the subpoena or court order.

4      The Receiving Party also must immediately inform in writing the Party who caused

5  the subpoena or order to issue in the other litigation that some or all the material covered

6  by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving

7  Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the

8  other action that caused the subpoena or order to issue.

9      The purpose of imposing these duties is to alert the interested parties to the

10 existence of this Protective Order and to afford the Designating Party in this case an

11 opportunity to try to protect its confidentiality interests in the court from which the

12 subpoena or order issued.  The Designating Party shall bear the burdens and the

13 expenses of seeking protection in that court of its confidential material—and nothing in

14 these provisions should be construed as authorizing or encouraging a Receiving Party in

15 this action to disobey a lawful directive from another court.

16                     **8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

17     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18 Protected Material to any person or in any circumstance not authorized under this

19 Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

20 Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

21 copies of the Protected Material, (c) inform the person or persons to whom unauthorized

22 disclosures were made of all of the terms of this Order, and (d) request such person or

23 persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

24 hereto as Exhibit A.

25                            **9. FILING PROTECTED MATERIAL**

26     Without written permission form the Designating Party or a court order secured

1  after appropriate notice to all interested persons, a Party may not file in the public record

2  in this action any Protected material.  A Party that seeks to file under seal any Protected

3  Material must comply with Civil Local Rule 79-5.  In addition to placing the documents in a

4  sealed envelope with instructions that the envelope is not to be opened absent further

5  order of the court, the envelope should be labeled to identify title of the case, the case

6  number, and the title of the document.

7  ### 10. FINAL DISPOSITION

8       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

9  days after the final termination of this action, each Receiving Party must return all

10 Protected Material to the Producing Party.  As used in this subdivision, "all Protected

11 Material" includes all copies, abstracts compilations, summaries or any other form of

12 reproducing or capturing any of the Protected Material.  With permission in writing from

13 the Designating Party, the Receiving Party may destroy some or all of the Protected

14 Material instead or returning it.  Whether the Protected Material is returned or destroyed,

15 the Receiving Party must submit a written certification to the Producing Party (and, if not

16 the same person or entity, to the Designating Party) by the sixty day deadline that

17 identifies (by category, where appropriate) all the Protected Material that was returned or

18 destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

19 compilations, summaries or other forms of reproducing or capturing any of the Protected

20 Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of

21 all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

22 work product, even if such materials contain Protected Material.  Any such archival copies

23 that contain or constitute Protected Material remain subject to this Protective Order as set

24 forth in Section 4 (DURATION), above.

25 ### 11. MISCELLANEOUS

26      Right to Further Relief.  Nothing in this Order abridges the right of any person to

1  seek its modification by the Court in the future.

2  **12. JURISDICTION**

3  The Court shall retain jurisdiction over any matter covered by this Stipulation and

4  Order for 24 months after the final termination of this action.

5

6  **IT IS SO STIPULATED.**

7

8  Dated: July 11, 2006      LAW OFFICES OF JAMES B. CHANIN

9

10      By:    Attorneys for Plaintiffs JANE DOE and MARY ROE

11

12 Dated: July 11, 2006      OAKLAND CITY ATTORNEY'S OFFICE

13

14      By: _____
            INES VARGAS FRAENKEL

15        Attorneys for Defendant CITY OF OAKLAND

16
   Dated: July ___, 2006      RANKIN, SPROAT, MIRES, BEATY & REYNOLDS
17

18

19      By: _____
            GEOFFREY A. BEATY

20        Attorneys for Defendant RICHARD VALERGA

21

22

23

24

25

26

1  seek its modification by the Court in the future.

2                              **12. JURISDICTION**

3       The Court shall retain jurisdiction over any matter covered by this Stipulation and

4  Order for 24 months after the final termination of this action.

5

6  **IT IS SO STIPULATED.**

7

8  Dated:  July ___, 2006              LAW OFFICES OF JAMES B. CHANIN

9

10                           By:    _____
                                    Attorneys for Plaintiffs JANE DOE and MARY ROE

11

12  Dated:  July ___, 2006             OAKLAND CITY ATTORNEY'S OFFICE

13

14                           By:    _____
                                    INES VARGAS FRAENKEL
15                                  Attorneys for Defendant CITY OF OAKLAND

16

17  Dated:  July _11_, 2006            RANKIN, SPROAT, MIRES, BEATY & REYNOLDS

18

19                           By:    _____
                                    GEOFFREY A. BEATY
                                    Attorneys for Defendant RICHARD VALERGA
20

21

22

23

24

25

26

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.** CONSISTING OF PAGES 1 THRU 12.

2

3    Dated: July 12, 2006

4

5    MARILYN HALL PATEL
     U.S. NORTHERN DISTRICT COURT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Court for the Northern District of California on

_____[date] in the case of *Jane Doe and Mary Roe v. City of Oakland and Richard Valerga, Case No. C-06-02424 MHP*.   I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

///

///

///

1    Date:_____

2    City and State where sworn and signed:_____

3

4    Printed name:_____

5                        [printed name]

6

7    Signature:_____

8                        [signature]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## PROOF OF SERVICE
## Doe v. City of Oakland, et al.
2
## U.S. District Court Case No. C06-02424

3

    I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action.  My business address is City Hall, One Frank H. Ogawa Plaza,
4
6th Floor, Oakland, California 94612.  On the date set forth below I served the within
documents:
5

6
    ☐   by transmitting via facsimile the document(s) listed above to the fax
           number(s) set forth below, or as stated on the attached service list, on
7
           this date before 5:00 p.m.

8
    ☒   by placing the document(s) listed above in a sealed envelope with
           postage thereon fully prepaid, in the United States mail at Oakland,
9
           California addressed as set forth.

10
    ☐   by causing personal delivery by (name) of the document(s) listed above to
           the person(s) at the address(es) set forth below.
11
    ☐   by personally delivering the document(s) listed above to the person(s) at
           the address(es) set forth below.
12

13
    ☐   by causing such envelope to be sent by Federal Express/ Express Mail.

14
JOHN L. BURRIS                   JAMES B. CHANIN
LAW OFFICES OF JOHN L. BURRIS      Law Offices of James B. Chanin
15
Airport Corporate Centre              3050 Shattuck Avenue
7677 Oakport Street, Suite 1120        Berkeley, CA  94705
16
Oakland, CA  94621                 Phone: (510) 848-4752, Fax: (510) 848-5819
Phone: (510) 839-5200, Fax: (510) 839-3882
17
                                 Attorneys for Plaintiff
Attorneys for Plaintiff
18

    I am readily familiar with the City of Oakland's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S.
19
Postal Service on that same day with postage thereon fully prepaid in the ordinary course
of business.
20

    I certify and declare under penalty of perjury under the laws of the United States of
21
America that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

22
    Executed on July 10, 2006, at Oakland, California.

23

24
                            _____
                                Deborah Walther
25

26

STIPULATED PROTECTIVE ORDER